959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jose RODRIGUEZ, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Warden, In their individual and official
capacities; Pete Vidor, Deputy Warden, in their individual
and official capacities; Brad Mowatt, Lieutenant, in their
individual and official capacities; G. Cannon, Sergeant, In
their individual and official capacities; G. Courtnay,
Correctional Officer, in their individual and official
capacities; S. Mulder, Correctional Officer, in their
individual and official capacities; W. Woodman,
Correctional Officer, in their individual and official
capacities; D. Wenzel, Sergeant, in their individual and
official capacities; Unknown Medical Personnel, in their
individual and official capacities; Unknown Correctional
Officer, in their individual and official capacities; Terry
Pitcher, Warden, of Standish Maximum Facility, in their
individual and official capacities; D. Green, Officer at
ICF (formally unknown officer); R. Pline, Officer at ICF
(formally unknown officer); J. Fett, Officer at ICF
(formally unknown officer); Wanda Johnson, Lt., Officer at
ICF (formally unknown officer); C. Pennington, Medical
Personnel at Carson City Regional Facility (formally unknown
medical personnel); Robinstong, Medical Personnel at ICF
(formally unknown medical personnel); Allan Johnson,
Officer at ICF (formally unknown officer), Defendants-Appellees.
 No. 91-2253.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Jose Rodriguez, pro se, appeals the district court's order granting the defendants' motion for summary judgment in this civil rights claim filed pursuant to 42 U.S.C. § 1983. The defendants include the warden and several supervisors and correctional officers employed at the Ionia Maximum Correctional Facility (IMAX) in Ionia, Michigan, at the time of the alleged incidents. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Rodriguez alleged that he was subjected to cruel and unusual punishment by the defendants' unprovoked assault upon him in his cell, when they placed full restraints on him on two separate occasions, on March 30, 1988. Moreover, he alleged that these defendants were deliberately indifferent to his medical needs by leaving him in these full restraints, which he said were unduly restrictive. On appeal, Rodriguez reasserts his cruel and unusual punishment arguments and states that the district court erred in admitting as evidence the videotapes. Rodriguez also requests the appointment of counsel and a transcript at the government's expense.
 
 
 3
 Upon review, this court concludes that the district court properly granted summary judgment to the defendants. This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 A party moving for summary judgment must meet an initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. This burden may be met by showing that, having had a sufficient opportunity for discovery, the non-movant has no evidence to support an essential element of his or her case. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Street, 886 F.2d at 1479 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). One of the principal purposes of summary judgment is to dispose of factually unsupported claims or defenses, and the Supreme Court has directed that this procedural rule should be interpreted in a way which allows it to accomplish that purpose. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
 
 
 5
 As noted by the district court, this case is unusual because the incidents on which Rodriguez's claims are based have been videotaped, allowing the court to avoid relying exclusively on conflicting affidavits submitted by the parties. Upon review of the videotapes, as well as all affidavits submitted by the parties, the evidence shows that the defendants did not inflict unnecessary and wanton pain, but applied restraints on Rodriguez in a good faith effort to maintain and restore discipline, without maliciously and sadistically inflicting force for the purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The actions taken by the correctional officers at IMAX were necessarily taken in response to a prison disturbance, and fell within the wide-ranging deference that must be accorded to prison personnel in the adoption and execution of practices needed to preserve internal order and to maintain institutional security. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991); Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 6
 The medical records do not support Rodriguez's claim that the defendants were deliberately indifferent to his serious medical needs. He was often checked by medical staff throughout the time he was in full restraints and was periodically offered food, fresh water and the restroom. Thus, Rodriguez has not established an Eighth Amendment claim under these facts. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Lastly, contrary to the plaintiff's arguments, there is no evidence that the defendants tampered with the videotapes admitted as evidence, or edited them in any way to show only events in the defendants' favor. Other issues Rodriguez raised before the district court in an amended complaint filed October 23, 1990, have not been raised on appeal, and thus, are considered abandoned and not reviewable by this court. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, Rodriguez's requests for appointment of counsel and for a transcript at the government's expense are hereby denied, and the district court's order granting summary judgment to the defendants is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.